1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY JAMES MILLS,                    Case No.  2:22-cv-01675-JDP (PC)

12                 Plaintiff,               ORDER GRANTING PLAINTIFF'S
                                            APPLICATION TO PROCEED IN FORMA
13          v.                              PAUPERIS

14   J. AGURKIS, *et al.*,                  ECF No. 10

15                 Defendants.              SCREENING ORDER THAT PLAINTIFF:

16                                              (1) STAND BY HIS COMPLAINT
                                                SUBJECT TO A
17                                              RECOMMENDATION OF
                                                DISMISSAL;
18
                                                (2) FILE AN AMENDED
19                                              COMPLAINT

20                                          ECF No. 1

21                                          THIRTY-DAY DEADLINE

22

23

24

25          Plaintiff, a pre-trial detainee at the Butte County Jail, alleges that medical personnel at the

26   jail have refused to provide him with Suboxone, a prescription opioid that had been prescribed to

27   him prior to intake at the jail.  He has named four defendants: (1) J. Agurkis, a correctional

28   lieutenant; (2) Hovey, the jail commander; (3) Tarah Foster, the jail medical director; and (4) the

1

1     Butte County Jail itself.  ECF No. 1 at 2-3.  The complaint fails to allege a cognizable claim

2     against any defendant.  I will give plaintiff an opportunity to amend before recommending this

3     action be dismissed.  Additionally, I will grant plaintiff's application to proceed *in forma*

4     *pauperis*.  ECF No. 10.

5     **Screening Order**

6     **I.**        **Screening and Pleading Requirements**

7           A federal court must screen the complaint of any claimant seeking permission to proceed

8     *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

9     dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

10     which relief may be granted, or seeks monetary relief from a defendant who is immune from such

11     relief.  *Id.*

12           A complaint must contain a short and plain statement that plaintiff is entitled to relief,

13     Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

14     face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

15     require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

16     662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

17     possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

18     identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

19     1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

20     give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

21     n.2 (9th Cir. 2006) (en banc) (citations omitted).

22           The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

23     U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

24     appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

25     would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

26     However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

27     of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

28     1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

1    **II.    Analysis**

2        Plaintiff alleges that on July 28, 2022, he was seen by unidentified medical staff at Butte

3    County Jail.  ECF No. 1 at 12.  He requested Suboxone and informed staff that his private

4    physician had previously prescribed this medication.  *Id.*  Staff told him that the medication could

5    not be prescribed because they had not been informed of the prescription during intake.  *Id.*  The

6    remainder of the complaint is devoted to plaintiff's attempts to get his prescription and to have his

7    medical care placed in the control of his private physician.  *Id.* at 12-15.  These allegations do not

8    explain how each of the defendants personally violated plaintiff's rights.

9        The supervisory defendants—Hovey and Foster—are not mentioned in the body of the

10   complaint.  And there is no *respondeat superior* liability under section 1983, to the extent

11   plaintiff seeks to hold them liable under such a theory.  *See Jones v. Williams*, 297 F.3d 930, 934

12   (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section

13   1983 there must be a showing of personal participation in the alleged rights deprivation: there is

14   no respondeat superior liability under section 1983.").

15       Defendant Agurkis is alleged to have responded to plaintiff's administrative grievances

16   regarding his want of Suboxone.  Merely responding to a grievance, however, does not give rise

17   to a constitutional violation.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  And

18   Agurkis is not alleged to have had any other responsibility or involvement in plaintiff's medical

19   care.

20       Finally, the Butte County Jail is not a viable defendant in a section 1983 action.  *See*, *e.g.*,

21   *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal

22   department as a defendant is not an appropriate means of pleading a § 1983 action against a

23   municipality.") (citation omitted).

24       Plaintiff may file an amended complaint.  He is advised that the amended complaint will

25   supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir.

26   2012) (en banc).  This means that the amended complaint will need to be complete on its face

27   without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended

28   complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended

                                            3

1  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

2  defendant's involvement in sufficient detail.  The amended complaint should be titled "First

3  Amended Complaint" and refer to the appropriate case number.

4          Accordingly, it is ORDERED that:

5          1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 10, is GRANTED.

6          2.  Within thirty days from the service of this order, plaintiff must either file an amended

7  complaint or advise the court of his intent to stand by his current complaint, subject to a

8  recommendation that this action be dismissed for failure to state a claim.

9          3.  Failure to comply with this order may result in the dismissal of this action.

10         4.  The Clerk of Court is directed to send plaintiff a complaint form.

11
   IT IS SO ORDERED.
12

13
   Dated:    January 23, 2023        _____
14                                   JEREMY D. PETERSON
                                     UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28